**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2478
_____

RANDALL L. SPADE,
Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-15-cv-02513)
District Judge:  Honorable Matthew W. Brann

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 22, 2019

Before:  SHWARTZ, KRAUSE and BIBAS, *Circuit Judges*

(Opinion filed: March 26, 2019)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Randall Spade, a correctional officer, appeals the District Court's order dismissing with prejudice his suit under the Federal Tort Claims Act (FTCA) alleging that he suffered extreme anguish after the Department of Justice accidentally disclosed highly personal information about him to an inmate in response to a Freedom of Information Act (FOIA) request. For the following reasons, we will vacate the District Court's dismissal and remand with instructions for it to obtain a determination from the Department of Labor on whether the Federal Employees' Compensation Act (FECA) would cover Spade's claim. If FECA does not bar Spade's claim, the District Court shall consider the impact of *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018).

## I.      Background

Spade works as a correctional officer at the United States Penitentiary in Lewisburg. He alleges that the Department of Justice confused the redacted and unredacted copies of his personnel file, providing the unredacted copy—which included his social security number, date of birth, home address, and work history—to an inmate in response to a FOIA request. As word spread among the inmates, several threatened to use the information gleaned from his personnel file to harm him and his family.

Spade complied with the FTCA's exhaustion requirement before filing suit in the Middle District of Pennsylvania, alleging one count of negligence. The District Court dismissed his suit with prejudice because Spade "ha[d] not pointed to any Pennsylvania authority creating liability for the negligent handling or disclosure of personal

2

information." App. 5. Because the Government's liability under the FTCA does not extend beyond that of a similarly situated private party, *see* 28 U.S.C. § 2674, the District Court concluded that Spade lacked a cognizable claim. This timely appeal followed. *See* Fed. R. App. P. 4(a)(1)(B).

## II.    Discussion[1]

After the District Court issued its opinion, the Pennsylvania Supreme Court decided *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018), which held that an employer owes a duty to exercise reasonable care "in collecting and storing [e]mployees' data on its computer systems." *Id.* at 1047. *Dittman* further held that the economic-loss doctrine did not bar the employees' suit, alleging that their employer's inadequate safeguards for storing their personal information caused a data breach. *Id.* at 1055-56.

We alerted the parties to *Dittman* and requested they file letter briefs addressing the decision. Along with its response, the Government—expressing regret for its "substantial delay" in raising the issue—submitted a motion for a limited remand to obtain a determination from the Department of Labor on whether Spade's claim falls under FECA. Remand Mot. at 2. Spade has not responded to the Government's motion.

FECA, the federal workers' compensation statute, precludes any federal employee from bringing suit for "personal injury sustained while in the performance of his duty."

---

[1] We have jurisdiction under 28 U.S.C. § 1291 over the District Court's dismissal of Spade's claim with prejudice. If FECA does not completely bar Spade's claim, the District Court would have jurisdiction under 28 U.S.C. § 1346(b)(1).

5 U.S.C. §§ 8102, 8116(c); *see Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).  We have characterized FECA's bar on personal injury suits as jurisdictional, *see Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984); *see also Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991), and a court cannot entertain a claim if a "substantial question" exists over FECA's coverage of that claim until the Secretary of Labor resolves FECA's applicability, *DiPippa v. United States*, 687 F.2d 14, 16 (3d Cir. 1982).  A substantial question exists unless we can be "certain that (the Secretary of Labor) would find no coverage." *Id.* (citation omitted).  In its remand motion, the Government cites decisions from the Secretary confirming that Spade's claim presents a substantial question of FECA eligibility,[2] so we must remand this case for the District Court to obtain a determination of FECA coverage from the Department of Labor.  To avoid prejudicing Spade, the District Court should stay Spade's suit pending the Secretary's decision.  *See DiPippa*, 687 F.2d at 20.

While we grant the Government's motion, we do not accept its proposal to grant only a limited remand.  If FECA does not entirely bar Spade's claim, the District Court is well-equipped to determine in the first instance whether *Dittman* alters its analysis.

## III.   Conclusion

---

[2] *See, e.g.*, *In re Price*, Docket No. 05-689, 2006 WL 2032274, at *3 (Dep't of Labor Apr. 13, 2006) (concluding that storing an employee's "personnel records in a shared file on its intranet that was accessible by other employees" qualifies as a "compensable employment factor"); *In re Davis*, 50 E.C.A.B. 450, 460 (Dep't of Labor July 8, 1999) (determining that releasing an employee's EEOC and personnel file to a nongovernmental organization constituted a "compensable employment factor").

4

For the aforementioned reasons, we will vacate the District Court's order and remand for further proceedings.[3]  The District Court shall take appropriate action to secure a determination from the Department of Labor as to whether FECA would cover all or part of Spade's claim.  If FECA does not bar Spade's claim, the District Court shall consider the impact of *Dittman* on this case.

---

[3] Consistent with this disposition, the Government's motion to remand, filed on March 1, 2019, is granted in part and denied in part.  This Court will not retain jurisdiction over this case.

5